UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHARLES CASTRO,                          x

              Plaintiff,           x        **JOINT PRE-TRIAL ORDER**

    -against-                         x        **06-CV-2253 (KAM) (RER)**

CITY OF NEW YORK, et al.,                x

              Defendants.          x

-------------------------------------------------------x

## JOINT PRE-TRIAL ORDER

Now comes the parties, by and through their counsel, and hereby and herein submit the within Joint Pre-Trial Order in the above captioned matter.

**1.  Caption**

The full caption of this action is *Charles Castro v. City of New York, Joseph DiPiazza, John and Jane Does,* 06-CV-2253 (KAM) (RFR).

**2.  Parties and Counsel:**

JONATHAN C. MOORE
Beldock Levine & Hoffman, LLP
99 Park Avenue - 16th Floor
New York, New York   10016
Tel:  (212) 490-0400
Fax: (212) 557-0565
*Attorneys for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel
City of New York
100 Church Street
New York, New York   10007

Tel: (212) 788-8682
Fax: (212) 788-8877
*Attorneys for Defendants*

By:   Phyllis Calistro, Esq.

**3.   Jurisdiction**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343 (a) (3) and (4) and 1367 in conjunction with 42 U.S.C. Sections 1981 and 1983 and 42 U.S.C. Section 2000e et seq.

**4.   Claims and Defenses**

**A.   Summary of Plaintiff's Claims**

The plaintiff brings this action to redress the deprivation under color of state law of a right, privilege and immunity secured to plaintiff by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Sections 1981, 1983 and 2000e et seq.  Plaintiff contends that defendants violated his civil rights when they refused to hire him to an entry level position with the New York City Department of Sanitation.  Plaintiff alleges that defendants acting under color of state law discriminated against him by denying him equal treatment in the terms and conditions of employment on the basis of his race and national origin, and for engaging in protected First Amendment activity.

**B.   Summary of Defendants' Defenses**

Defendant City of New York's decision not to select plaintiff for appointment as a sanitation worker was based on a legitimate business reason and New York State Civil Service Law which permits an employer to pass over for appointment, one out of every three candidates from a civil service list.  Neither Castro's ethnicity not his participation in any protected activity

played any role in this decision.

Defendant Joseph diPiazza was not the decisionmaker with respect to Castro's appointment which is the only adverse employment action at issue and is not a City policymaker. Therefore, there is no basis to find DiPiazza liable for any alleged violation of plaintiff's rights. In fact, defendant DiPiazza is entitled to immunity from suit and from liability for any alleged 42 U.S.C. § 1983 violation, under the doctrine of qualified immunity.

The decision not to appoint plaintiff was not a result of any unlawful policy custom or practice of the City of New York. Therefore, there is no basis for City liability under 42 U.S.C. § 1983, with respect to any alleged violation of plaintiff's rights.

**5.    Damages and Relief**

Plaintiff seeks an award of compensatory damages, including both back pay, front pay and damages for emotional distress, to make him whole for having been denied employment with the New York City Department of Sanitation, pension credit in the New York City Retirement System for the amount of time he would have been employed had he not been wrongfully denied employment by the defendants, punitive damages, pre- and post-judgment interest, and reasonable attorneys' fees and expenses.

**6.    Jury or Bench Trial**

The parties agree that the case will be tried to a jury. The parties estimate that it will take approximately one week to try the case.

**7.    Consent to Magistrate Judge**

All parties have not consented to trial of the case by a magistrate judge.

**8.    Stipulations**

1. Plaintiff became a candidate for an entry level position as a Sanitation Worker in the New York City Department of Sanitation after passing civil service exam number 2052, list number 2290.

2. Plaintiff was informed that he was considered but not selected for the position of Sanitation Worker in the New York City Department of Sanitation.

9. **Witnesses**

A. **Plaintiff's List of Potential Witnesses**

1. Charles Castro is the plaintiff and will testify as to the actions taken against him by the Department of Sanitation in denying him employment which he believes were based on his race as well as his having been a plaintiff in a prior lawsuit against the City of New York when he was employed as a police officer.

2. Joseph DiPiazza is a defendant and will testify to his involvement in the decision not to hire the plaintiff.

3. John Taggart is a white, former police officer who was hired by the Department of Sanitation despite having a disciplinary history in the NYPD worse than that of the plaintiff.

4. Christopher Castro is the brother of the plaintiff, also a former police officer with the NYPD, who will testify as to actions taken against him by the Department of Sanitation in denying him employment which he believes were based on his race as well as his having been a plaintiff in a prior lawsuit against the City of New York when he was employed as a police officer.

5. Nancy Reilly is an employee of the Department of Sanitation who will

testify about her involvement in the decision not to hire the plaintiff.

      6.     Ellen Doubraski is an employee of the Department of Sanitation who will testify about her involvement in the decision not to hire the plaintiff.

      7.     Michael A. Bimonte is an employee of the Department of Sanitation who will testify about her involvement in the decision not to hire the plaintiff.

      8.     Lorenzo N. Cipollina is an employee of the Department of Sanitation who will testify about her involvement in the decision not to hire the plaintiff.

Plaintiff reserves the right to call any witnesses listed by the defendants and, as well, to call other unlisted witnesses in rebuttal if the occasion should dictate that such witnesses be called. The plaintiff further reserves the right to amend and supplement the above stated list upon timely notice and for good cause.

**B.    Defendants' List of Potential Witnesses**

1.     Joesph DiPiazza is a defendant and will refute the allegations against him by explaining his role in the process of applicant appointment to the Department of Sanitation ("DSNY").

2.     Nancy Reilly will testify about her role in the investigation of plaintiff's candidacy for appointment to DSNY.

3.     Hyacinth Rose will testify about her investigation and findings with re to plaintiff's complaint to the DSNY EEO office.

4.     Lawrence Cippolina will testify as to why plaintiff was not selected for appointment to DSNY.

5.     Michael Bimonte will testify as to why plaintiff was not selected for appointment

to DSNY.

Defendants reserve the right to call additional witnesses on rebuttal, and/or to call any of plaintiff's witnesses.

**10.    Deposition Testimony**

Plaintiff designates the deposition testimony of Charles Castro, Joseph DiPiazza, Christopher Castro, Nancy Reilly, Ellen Doubraski, Michael A. Bimonte and Lorenzo N. Cipollina as potential transcripts plaintiff may offer at trial. To the extent that plaintiff relies on any deposition testimony referred to within, he will provide the defendants with the appropriate page and line numbers of all deposition testimony he will seek to introduce in his case in chief well in advance of their testimony.

**11.    Exhibits**

**A.    Plaintiff's Proposed Eshibits**

1. Affidavit of Charles Castro, June 27, 2005. Defendants object: Relevance FRE 402-403

2. Stipulation and Order in *Latino Officers Association City of New York, Inc., et al., v. City of New York, et al.,* 99 Civ. 9568 (SDNY) (LAK), Objection: any relevance would be greatly outweighed by prejudice to the City. FRE 402-403

3. Employment records of applicant Adrian Torres. Objection: Relevance; Hearsay FRE 402-403; 802-803

4. Employment records of applicant James Caputo. Objection: FRE 402-403; 802, 803

5. Employment records of applicant Anthony Dawson. Objection FRE 402-403;

802-803

6. Employment records of applicant Robert Mari. Objection FRE 402-403; 802-803

7. Employment records of applicant Philip Atwell. Objection FRE 402-403; 802-803

8. Employment records of applicant John Tuzzio. Objection FRE 402-403; 802-803

9. Employment records of applicant Kevin Foy. Objection FRE 402-403; 802-803

10. Employment records of applicant Miguel Lugo. Objection FRE 402-403; 802-803

11. Employment records of applicant Gregory Maloney. Objection FRE 402-403; 802-803

12. Employment records of applicant Hassan Lewis. Objection FRE 402-403;802-803

13. Employment records of applicant Keith Goodman. Objection FRE 402-403; 802-803

14. Employment records of applicant Daniel McCormick. Objection FRE 402-403; 802-803

15. Employment records of applicant Ronald Johnson. Objection FRE 402-403; 802-803

16. Employment records of applicant Frank Pizzella. Objection FRE 402-403; 802-803

17. Employment records of applicant Kenneth Dombrowski. Objection FRE 402-403; 802-803

18. Employment records of applicant Anthony Morciniak. Objection FRE 402-403; 802-803

19. Employment records of applicant Kevin P. Sweeney. Objection FRE 402-403;

802-803

20. Employment records of applicant Paul Moehring. Objection FRE 402-403; 802-803

21. Employment records of applicant Anthony Speziale. Objection FRE 402-403; 802-803

22. Employment records of applicant Barulio Batista. Objection FRE 402-403; 802-803

23. Employment records of applicant Tyrone E. Franklin. Objection FRE 402-403; 802-803

24. Employment records of applicant Eddie N. Vera. Objection FRE 402-403; 802-803

25. Employment records of applicant Ernest M. Vitolo. Objection FRE 402-403; 802-803

26. Employment records of applicant Steven T. Radolinski. Objection FRE 402-403; 802-803

27. Employment records of applicant John Taggert. Objection FRE 402-403; 802-803

28 Employment records of applicant Christopher Castro. Objection FRE 402-403; 802-803

29 Memorandum to Leroy Johnson to Joseph DiPiazza, June 9, 2000, concerning John Taggert. Objection FRE 402-403; 802-803

30. Comprehensive Personnel Document (CPD) on John Taggert. Objection FRE 402-403; 802-803

31. NYPD Internal Affairs Bureau disciplinary documents concerning John Taggert. Objection FRE 402-403; 802-803

32. CPD on Charles Castro.

33. Authorization for Release of Records, Charles Castro, 2/15/05

34. Charles Castro NYPD Service Abstract, April 7, 2005.

35. Charles Castro Central Personnel Index ("CPI") Documents.

36. Cipollina Letter to Charles Castro, April 21, 2005.

37. Department of Sanitation Response to Charles Castro EEOC Complaint, September 23, 2005.

38. List of Police Terminations/Resignation, July 15, 2005. Objection FRE 402-403; 802-803

39. List of Police Terminations/Resignations, November 2, 2005. Objection FRE 402-403; 802-803

40. Charles Castro Pre-Employment Application, February 15, 2004.

41. Letter request from Hyacinth Rose, Investigation Unit, Department of Sanitation, to NYPD, re Charles Castro, March 15, 2005, with handwriting on upper right corner.

42. Transcript of Reilly Interview, May 27, 2004. Objection: Authenticity FRE 901; Failure to Produce for Inspection; misrepresentation under oath that this document had been lost and/or destroyed and therefore defendants request preclusion. Defendants cannot formulate any other objections at this time, never having seen this document. Defendants reserve the right to object on additional grounds after inspection.

43. CPD of Christopher Castro. Objection FRE 402-403; 802-803

9

44. Pre-Employment Application of Christopher Castro. Objection:FRE 402-403; 802-803

45. Oath of Office of Christopher Castro, March 1, 2004. Objection:FRE 402-403; 802-803

46. Documents Concerning Salary Scale for Entry Level Department of Sanitation Employees.

B. **Defendants' Exhibits:**

A. Charles Castro NYPD Service Abstract.

B. Charles Castro Central Personnel Index Documents.

C. Cipollina Letter, Considered not Selected, to Charles Castro.

D. Department of Sanitation Response to Charles Castro EEOC Complaint, September 23, 2005.

E. Authorization for Release of Records, Charles Castro, 2/15/05

F. Letter request from Hyacinth Rose, Investigation Unit, Department of Sanitation, to NYPD, re Charles Castro, March 15, 2005.

G. Postmarked Envelope addressed to Charles Castro Re: Considered, Not Selected

H. Department of Sanitation Pre-employment Application, Charles Castro

I. City of New York PRISE printout re: Charles Castro

J. Comprehensive Personnel Document re Charles Castro

Dated:   New York, New York
         March 13, 2009

                                                    Respectfully submitted,

_____
JONATHAN C. MOORE
Beldock Levine & Hoffman
99 Park Avenue - 16th Floor
New York, New York   10016
Tel:  (212) 490-0400
Fax: (212) 557-0565
*Attorneys for Plaintiff*


_____  /rcm
MICHAEL A. CARDOZO
Corporation Counsel
City of New York
100 Church Street
New York, New York   10007
Tel: (212) 788-8682
Fax: (212) 788-8877
*Attorney for Defendants*

By:   Phyllis Calistro, Esq.


SO ORDERED:


_____
KIYO A. MATSUMOTO
United States District Judge

11