UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CHARLES CASTRO,

                Plaintiff,                **SUMMARY OPINION & ORDER**

       -against-                    06-CV-2253 (RER)

THE CITY OF NEW YORK, *et al.*,

                Defendants.
--------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

      This action under 42 U.S.C. §§ 1981, 1983, and, *inter alia*, 42 U.S.C. § 2000e, *et seq.*, was commenced on May 16, 2006. After a protracted period of discovery, the case is finally set for trial on March 8, 2010.[1] Before the Court is plaintiff's February 24, 2010, motion to amend the complaint to add a rational basis Equal Protection Claim. Plaintiff contends that defendants former policy of subjecting former New York City police officers, but not other classes of people, to an additional level of review when applying for employment to the New York City department of sanitation lacks a rational basis, and therefore violates the Equal Protection Clause of the United States Constitution.

      Relying on Rule15(a)(2) of the Federal Rules of Civil Procedure, plaintiff argues that defendants will suffer no prejudice from the proposed amendment because the facts related to plaintiff's Equal Protection Claim have been known by the parties since at least the early part of

---

[1] United States District Judge Kiyo Matsumoto originally scheduled the trial for September 21, 2009, and later adjourned it at the parties' request to November 9, 2009. Thereafter the parties consented to my jurisdiction pursuant to 28 U.S.C. § 636. I originally scheduled the trial for February 1, 2010, and later adjourned it at the parties' request to March 8, 2010.

2008, and were the subject of deposition discovery. Defendants counter that plaintiff has failed to establish "good cause" for the amendment pursuant to Rule 16(b), and therefore the purported lack of prejudice is irrelevant. Defendants also argue that even were plaintiff to establish good cause, they would be prejudiced for a variety of reasons if the amendment were permitted. I write briefly to highlight the competing legal theories offered by the parties and to clarify my preliminary ruling on the record denying plaintiff's motion.

The parties appear to argue the opposite sides of the following question: when deciding a motion to amend the complaint after the date for amendments in the Rule 16(b) scheduling order has passed, must the court conduct a Rule 16(b)(4) good cause analysis first, or can it turn directly to the Rule 15(a)(2) analysis which provides that "court[s] should freely give leave [to amend] when justice so requires." Plaintiff argues that the Court need not conduct a Rule 16(b)(4) good cause analysis at all, and can instead look directly to the factors in a Rule 15(a)(2) analysis, here primarily prejudice. Defendants argue that the Court must first find good cause under Rule 16(b), and only then can it consider the Rule 15(a)(2) factors.

Although the discussion in the case law of the interplay between Rules 16(b)(4) and 15(a)(2) is somewhat muddled, it appears to me the Second Circuit Court of Appeals has clearly stated that in such situations a court must exercise its discretion by blending together its Rule 16(b)(4) and 15(a)(2) analyses. For example, in *Kassner v. 2nd Avenue Delicatessen, Inc.*, the Court stated:

> On remand, the district court *must exercise its discretion* under Rule 16(b) to determine whether the scheduling order should be modified so as to allow an amended complaint. According to the principles we discussed in *Parker [v. Columbia Pictures Indus.]*, 204 F.3d [326,] 339-40 [(2d Cir. 2000)], the primary consideration is whether the moving party can demonstrate diligence. *It is not,*

*however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors* including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.

496 F.3d 229, 244 (2d Cir. 2007) (emphasis added). Similarly, in *Holmes v. Grubman*, the Court noted:

> Where, as here, a scheduling order governs amendments to the complaint, *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."), the lenient standard under Rule 15(a), which provides leave to amend "shall be freely given," *must be balanced against* the requirement under Rule 16(b) that the Court's scheduling order "shall not be modified except upon a showing of good cause."

568 F.3d 329, (2d Cir. 2009) (quoting older versions of Fed. R. Civ. P. 15(a), 16(b)) (citations and quotations omitted). By requiring the district court to consider and balance factors other than a plaintiff's diligence, the Court left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking an amendment. Thus, it is not first Rule 16(b), and then Rule 15(a)(2). Rather, both Rules should be considered simultaneously,[2] with of course, the plaintiff's diligence considered as the primary factor. *Kassner*, 496 F.3d 244.

With this standard in mind, I feel constrained to deny plaintiff's motion to amend the complaint to add a rational basis Equal Protection Claim. Although I agree with plaintiff that the prejudice to defendants would be moderate, that there is no bad faith, and that the amendment would not be futile, plaintiff has not offered any cause, let alone good cause, for not seeking to

---

[2] Some may disagree with my conclusion in this regard. *See Woodworth v. Erie Insurance Co.*, No. 05-cv-6344 CJS, 2009 WL 3671930, *3 (W.D.N.Y. Oct. 29, 2009) (disagreeing with interpretation of *Kassner* as permitting amendment even where diligence was lacking). Some may not. *See Schiller v. City of New York*, No. 04 Civ. 7922 (RJS)(JCF), 2009 WL 497580, at * 4 (S.D.N.Y. Feb. 27, 2009) (permitting amendment even without good cause showing); *Calabro v. Stone*, No. 03-CV-4522 (CBA)(MDG), 2005 WL 327547, at * 1 (E.D.N.Y. Jan. 27. 2005) (report and recommendation) (same, in dicta).

3

amend the complaint earlier.  If, as plaintiff posits, the facts and circumstances regarding the unconstitutional policy were known for some time, there is no reason why he could not have sought to amend the complaint much sooner.  Plaintiff's diligence being the primary consideration even in the "blended" Rule 16(b)(4)/Rule 15(a)(2) analysis, his failure to so act cannot be ignored.  Although there may be situations in which amendments should be permitted even in the absence of diligence, such is not the case here.

      The motion is denied.

**Dated: Brooklyn, New York**
      **March 6, 2010**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**