UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHARLES CASTRO,

                 Plaintiff,                        **SUMMARY OPINION & ORDER**
                                                        **ON PLAINTIFF'S MOTION FOR**
          -against-                       **ATTORNEYS' FEES AND COSTS**

THE CITY OF NEW YORK,               06-CV-2253 (RER)

                 Defendants.
-------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

      Before the Court is plaintiff Charles Castro's motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. (*See* Docket No. 90.) Castro seeks a total of $520,718.75 in fees and $15,592.41 in costs. (*See* Reply Memorandum of Law in Further Support of Plaintiff's Motion for Attorneys' Fees and Costs ("Reply") at 10.) Defendant, the City of New York (the "City"), raises three principal objections to Castro's application: (1) the reasonableness of his counsels' proposed hourly rates; (2) that his fees should be reduced due to his "limited success" in the litigation; and (3) the reasonableness of certain hours expended.

      The City's objections to the hourly fees sought by Jonathan Moore ($650) and Claire Norins ($350) are well-taken. These hourly rates exceed those recently awarded in comparable cases in this District. *See Luca v. County of Nassau*, 698 F. Supp. 2d 296, 301-02 (E.D.N.Y. 2010) (rates between $300 and $400 for partners found to be "within the Eastern District range"); *Rodriguez v. Pressler & Pressler, LLP*, No. 06-CV-5103 (BMC), 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) (awarding $450/hr. to partner with seventeen years of experience and $300 to staff attorney with four years experience in FDCPA case); *Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 208 (E.D.N.Y. 2006) (awarding $350/hr. to partners in employment

discrimination case), *aff'd*, 531 F.3d 127 (2d Cir. 2008); *see also Thorsen v. County of Nassau*, No. 03-cv-1022 (ARL), 2011 WL 1004862, at *5 (E.D.N.Y. Mar. 17, 2011) (awarding $300/hr for associate with 5 years of experience); *Morgenstern v. County of Nassau*, No. 04-CV-58 (ARL), 2009 WL 5103158, at *7-9 (E.D.N.Y. Dec. 15, 2009) (awarding $400/hr. relying on analysis in *Gutman*). Accordingly, the Court will award $450/hr. for Mr. Moore and $300/hr. for Ms. Norins. The Court will also reduce the hourly rate sought for Castro's paralegal, Janice Badalutz, from $200/hr. to $125/hr. *Tr. of Local 531 Pension Fund v. Flexwrap Corp.*, No. 09-cv-1439 (RRM) (RML), 2011 WL 3348080, at *6 (E.D.N.Y. Aug. 2, 2011) (awarding $125/hr. for paralegals). While these rates may be slightly higher than those in some of the cases cited above, they are appropriate in light of counsels' experience, expertise, and performance, and given the passage of time.[1]

I reject the City's argument that Castro's fee recovery "should be *substantially* reduced due to his *limited success*." (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs ("Def's Opp'n") at 13 (emphasis added).) The City focuses exclusively on the fact that jury awarded Castro only $73,000 in damages (roughly equal to 2.5 years of lost wages), although Castro's expert economist testified that Castro's damages could be as high as $1 million (roughly equal to 20 years lost wages). (*Id.* at 14.) In so arguing, the City correctly cites the law on reduction of fee awards due to "limited success," but its application of the law to the facts of this case is strained. The City ignores that Castro's economist testified to a *range* of damages depending upon the number of years the jury found

---

[1] As Castro points out, Mr. Moore was awarded $350/hr. in this District nearly eight years ago. Reply at 3 n. 5. "It is only reasonable that Mr. Moore's rate would have increased significantly in that time." *Id.*

2

that Castro would have worked for the Department of Sanitation, and provided the jury with calculations based on different scenarios. That the jury chose to award damages on the lower end of the range does not in and of itself warrant a reduction to Castro's fee request.[2] More importantly, there is no principled basis upon which to determine a proper, let alone *substantial*, fee reduction as the City urges. The time Castro's attorneys spent preparing fact and expert testimony and argument on how long Castro would work for Sanitation (whether 2.5, 10, 15, or 20 years) and the resulting economic damages is so inextricably intertwined that it would be difficult, if not impossible, to quantify it and make the appropriate reduction, whether on an hourly or percentage basis. *Cf. Murphy v. Lynn*, 118 F.3d 938, 952 (2d Cir. 1997) (where "successful and unsuccessful claims were interrelated and required essentially the same proof," reduction in number of hours not required); *see also Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992) (affirming district court's refusal to reduce $512,590.02 fee award in Title VII case due to purported "limited success" where plaintiffs settled for only $60,000).

In essence, the City argues for a per se proportionality rule, *i.e.*, proportionally linking the prevailing party's attorneys' fees to the degree of monetary success achieved. The courts, however, have rejected such an approach. *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999) ("[W]e find that this approach conflicts with the legislative intent and rationales of the fee-shifting statute."); *Barbour v. City of White Plains*, – F. Supp. 2d –, 2011 WL 2022884, * 8 (S.D.N.Y. May 24, 2011) ("Fees in civil rights statutes are not to be linked to the dollar value of a claim"); *Vazquez v. Ranieri Cheese*

---

[2] This is especially so given the fact that the City invited the jury to make such a finding. (Trial Transcript, March 11, 2010, at 756-757 ("[I]f you are inclined to find liability, we ask that you award him two and a half years salary.").)

3

*Corp.*, No. 07-CV-464, 2011 WL 554695, at *4 (E.D.N.Y. Feb. 7, 2011) ("[C]ourts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery."). Indeed, the Supreme Court has observed that a rule of proportionality would make it difficult for civil rights plaintiffs to obtain quality legal representation, and by enacting fee-shifting statutes in civil rights cases, "Congress recognized that private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights." *City of Riverside*, 477 U.S. at 578. I will not adopt that approach here.

I also reject the City's argument that the following hours were not reasonably expended: (1) 18 hours Ms. Norins spent preparing an unsuccessful motion to amend the complaint to add an Equal Protection claim seven business days before trial was set to begin; and (2) 12.65 hours spent by attorney Vera Scanlon opposing the City's appeal of the judgment. (Def's Opp'n at 12, 15.)

That Castro's motion to amend ultimately was unsuccessful is of no moment. (Def's Opp'n at 15.) As clearly indicated in the summary opinion and order denying the motion, the decision whether to grant the motion was a close one. *Castro v. City of New York*, No. 06-cv-2253 (RER), 2010 WL 889865, at * 2 (E.D.N.Y. Mar. 6, 2010). Three of the four factors weighed in favor of granting the motion. Unfortunately for Castro, the fourth factor did not. That factor, good cause for delay, "being the primary consideration" and Castro having shown no cause for his delay, I felt "constrained" to deny the motion. That is not to say the motion had no merit at the time it was filed; it did. It is inappropriate to judge the reasonableness of an attorney's time expenditures in hindsight, and I will not do so here. *Grant*, 973 F.2d at 99 ("The relevant issue, however, is not whether hindsight vindicates an attorney's time expenditures, but

whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.")

Whether Ms. Scanlon, a partner, "never actually represented" Castro or had prior knowledge of the case is irrelevant for the purposes of determining the propriety of her portion of the fee application. (Def's Opp'n at 12.) What Scanlon "brought to the table" was experience in civil rights cases, and perhaps more importantly, experience in the United States Court of Appeals for the Second Circuit, having been a law clerk for one of the judges of that court. Scanlon edited Castro's "red brief" in opposition to the City's unsuccessful appeal from the judgment, and mooted Mr. Moore in preparation for the oral argument. (Affirmation of Jonathan C. Moore in Support of Plaintiff's Application for Attorneys' Fees and Costs, Exhibit 8 at 17-19.) These are customary, necessary, and indeed critically important parts of defending against an appeal. They are not "duplicative given Moore [sic] and Norins' continued involvement" in the case. (Def's Opp'n at 12.) The hours spent are not excessive, and are in fact modest and should be compensated. The Court will, however, reduce Ms. Scanlon's hourly rate from $475 to the same rate as for Mr. Moore, $450.

Having considered the parties submission and the applicable standard for awarding attorney's fees, *e.g.*, *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008), Castro is awarded the following:

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Jonathan Moore | $450 | 475.65 | $214,042.50 |
| travel | $225 | 19 | $4,275 |
| Claire Norins | $300 | 350.80 | $105,240 |
| travel | $150 | 8 | $1,200 |
| Vera Scanlon | $450 | 12.65 | $5,692.50 |
| Robert Spergel | $350 | 133.75 | $46,812.50 |
| Janice Badalutz | $125 | 141.85 | $17,731.25 |

**Total**     **$394,993.75**

Castro is also awarded $15,592.41 in reasonable costs, to which the City does not object.

## **Conclusion**

For the foregoing reasons, Castro's motion for attorneys' fees and costs is granted in part.

Castro is awarded a total of $394,993.75 in fees, and $15,592.41 in costs.

**Dated: Brooklyn, New York**
      **September 1, 2011**

*Ramon E. Reyes, Jr.*

**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**